**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BONNIE FRANCIS,** * <br> * <br> Petitioner, * <br> * <br> v. * <br> * <br> **UNITED STATES OF AMERICA,** * <br> * <br> Respondent. * <br> * | Criminal No. RWT-09-012 <br> Civil No. RWT-14-1105 |

**MEMORANDUM OPINION AND ORDER**

This matter arises out of a criminal case wherein the Defendant, Bonnie Francis, plead guilty to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, and 100 or more kilograms of marijuana, in violation of 21 U.S.C. § 846. ECF No. 66. Now pending before the Court is Francis' petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 104. Francis essentially claims that (1) his plea agreement is invalid because he entered it without knowing and understanding the terms relating to sentencing and waiver of his right to appeal under certain circumstances, and (2) his counsel was ineffective for failing to explain the various terms of the plea agreement, not negotiating a conditional plea agreement, and not making certain mitigating arguments during sentencing. *See id*.

**BACKGROUND**

On January 7, 2009, a grand jury sitting in the District of Maryland returned a one-count indictment charging Francis with conspiracy to distribute and possession with intent to distribute five or more kilograms of a mixture containing a detectable amount of cocaine and 100 or more kilograms of marijuana, in violation of 21 U.S.C. § 846. ECF No. 1. On January 31, 2012 around 5:00 p.m., Francis' attorney, Jack G. Goldberg, faxed Francis a copy of a plea agreement

dated December 11, 2011 ("December Plea Agreement"). ECF No. 104-3. Based on the attachments submitted by Francis, the December Plea Agreement appears to have been signed by Francis, Mr. Goldberg, and Assistant United States Attorney Christen A. Sproule on January 31, 2012. *Id*. at 12. Two hours after faxing the December Plea Agreement, at approximately 7:30 p.m., Mr. Goldberg faxed Francis a plea agreement dated January 31, 2012 ("January Plea Agreement"). ECF No. 104-4. This agreement also appears to have been signed by Francis, Mr. Goldberg, and Ms. Sproule on January 31, 2012. *Id*. at 7-8.

The two agreements differ with respect to the sentencing guideline factors. The December Plea Agreement provides for a two-level downward adjustment pursuant to U.S.S.G. § 3B1.2(b) and a two-level downward adjustment pursuant to U.S.S.G. § 2D1.1(a)(5). ECF No. 104-3, at 6. In contrast, the January Plea Agreement does not include the minor participant concession and related additional adjustment, specifying that "[t]he Defendant will argue" that the two-level minor participant adjustment applies, but "[the Government] reserves the argument that this downward adjustment does not apply." ECF No. 104-4 at 5. The maximum final offense level for the December Plea Agreement is 26; the maximum final offense level for the January Plea Agreement is 30. ECF Nos. 104-3, 104-4. The language with respect to Francis' waiver of his rights to appeal in both plea agreements is nearly identical. ECF Nos. 104-3, 104-4.

On February 13, 2012, Francis entered a guilty plea pursuant to the January Plea Agreement. ECF No. 66. Before accepting the plea, the Court discussed the terms of the January Plea Agreement with Francis. ECF No. 107-1. The colloquy included verification that Francis understood that the January Plea Agreement was the "whole deal" and confirmed that Francis was not relying on anything not contained in that plea agreement. *Id*. at 12. The Court

explained the sentencing guidelines applicable to Francis pursuant to the January Plea Agreement. *Id*. at 9-10. Francis indicated he understood that his offense level could be "as high as 30 or as low as 24." *Id*. at 20. He also indicated his understanding that he was waiving his right to appeal. *Id*. Finally, Francis indicated that he was "fully satisfied with [his] counsel" after repeated questions by the Court. *Id*. at 5.

Prior to sentencing, Francis filed a motion to withdraw his guilty plea, ECF No. 78, but withdrew the motion at the outset of the sentencing proceeding, ECF No. 107-3 at 2. During sentencing, the Court (1) granted a two-level reduction under U.S.S.G. § 5K1.1, (2) found that Francis did not qualify for the "Safety Valve" reduction, and (3) found that Francis was not eligible for the minor participant adjustment. ECF No. 107-3 at 24-25. The Court determined that the offense level was 28, corresponding to a range of 78 to 97 months in prison. *Id*. The Court sentenced Francis to 78 months, followed by five years of supervised release. *Id*.

## DISCUSSION

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *Miller*, 261 F.2d at 547. Francis argues that the plea agreement is invalid and that his counsel was ineffective. The Court finds that Francis' arguments for relief pursuant to § 2255 are without merit.

**I.     Francis' plea agreement is valid because Francis knowingly, intelligently and voluntarily entered the plea agreement.**

Francis claims that his plea agreement is invalid because (1) the plea was entered without his knowledge of changes to the sentencing guidelines, *see* ECF No. 104 at 5, and (2) he did not understand that he was waiving his right to appeal under certain circumstances based on his offense level. *Id*. However, "a defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity,'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Accordingly, in the absence of extraordinary circumstances, bare allegations made in a § 2255 motion which are contrary to testimony given during a Rule 11 colloquy are "palpably incredible and patently frivolous or false." *Id.* at 222. Unless a petitioner can show the existence of extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.*

With respect to the sentencing guidelines, Francis complains that the Government "didn't comply with in [sic] the first plea agreement" and "never mention[ed] the sentencing disparity." ECF No. 104 at 4. He claims that his waiver of his right to appeal is invalid because "his total offense level should have been total offense level 24." *Id*. at 10. As the Government points out, however, the extensive plea colloquy negates any serious contention that Francis did not understand the potential offense level he was facing. Francis told the Court that he had discussed the sentencing guidelines with his attorney. *Id.* at 16. He knew that his potential offense level could be as high as 30, and the Court explicitly explained the implications of the different offense levels. ECF No. 107-1 at 16-20. The Court directed Francis' attention to the

merger clause[1] in the January Plea Agreement, and Francis confirmed that he was not "relying upon any promises or assurances of any nature whatsoever that are not contained in this document." *Id.* at 12.

In his reply to the Government, Francis argues that the disparity between the December and January Plea Agreements created an ambiguity which must be construed against the Government. ECF No. 108 at 4. He contends that the reason this ambiguity was not brought to the Court's attention is that he was never asked at sentencing whether he had any objections. *Id*. However, as was discussed above, Francis was asked multiple times during the Rule 11 colloquy whether he understood the terms of the agreement as it was explained to him. ECF No. 107-1 at 9-10. The Court specifically explained the Waiver of Rights contained in the plea agreement. *Id.* at 7. Francis indicated that he understood those terms. ECF 107-1 at 11-12. Francis confirmed that he understood when the Court explained "[y]ou've reserved the right to appeal any term of imprisonment if it exceeds the guideline range for offense level 28 if you meet the Safety Valve, or the guideline range of 30 if you do not." *Id.* at 21-22. Prior to sentencing, the Court asked Francis directly whether there was anything he would like to say. ECF No. 108-1 at 23. At the conclusion of sentencing, the Court asked if there was anything further, and neither Francis nor his attorney mentioned any objections to the sentence or to the waiver of the right to appeal. ECF No. 108-1 at 31. Rather, Francis indicated that he understood that the terms of the January Plea Agreement constituted the "whole deal," ECF 107-1 at 12.

There is ample evidence in the record that, whether or not he was so advised by counsel, Francis was aware of the terms in the January Plea Agreement relating to sentencing guidelines

---

[1] The January Plea Agreement contained a merger clause that provided in relevant part: "This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and…constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement…" ECF No. 104-4 at 7.

5

and appeal. The truth of Francis' sworn statements during the Rule 11 colloquy are "conclusively established" under *Lemaster*, and he has failed to show any extraordinary circumstances that would rebut this presumption. *Cf. Fontaine v. United States*, 411 U.S. 213 (1973) (holding that extraordinary circumstances existed where petitioner introduced documentary evidence supporting his claim that he was severely ill and uncounseled at the time of his Rule 11 colloquy). Accordingly, his allegations that he did not knowingly and intelligently enter into his plea agreement are "palpably incredible." *See Lemaster*, 403 F.3d at 219 (finding that, where appellant claimed that proposed plea agreement differed substantially from the final version of the plea agreement, appellant's sworn statements during Rule 11 and sentencing proceedings that he had discussed the terms of his plea agreement and charges with his attorney and assented to the plea agreement constituted a knowing and voluntary waiver).

## II. Francis's claim of ineffectiveness of counsel fails because he cannot establish deficient performance or prejudice.

Francis argues that his counsel was ineffective for failing to explain the various terms of the plea agreement, not negotiating a conditional plea agreement, and not making mitigating arguments during sentencing. Counsel is ineffective if counsel's performance (1) was deficient and (2) there is a reasonable probability that the defendant was prejudiced by counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To show prejudice, the defendant must prove that but-for counsel's unprofessional errors, there is a reasonable

probability that the result of the proceeding would have been different. *Id*. at 687, 694. A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (quoting *Strickland*, 466 U.S. at 694); *see also Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process which renders the result unreliable. *Strickland*, 466 U.S. at 687. Accordingly, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Further, "[p]etitioners that challenge guilty pleas under § 2255 on the basis of ineffective assistance of counsel, where the plea was voluntary and the petitioner had indicated satisfaction with counsel, encounter more difficulty" because "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Swann v. United States,* No. CRIM. RWT 08-0319, 2014 WL 4798996, at *3 (D. Md. Sept. 25, 2014) (quoting *Lemaster*, 403 F.3d at 222).

Francis has introduced no evidence beyond making bare assertions that counsel was ineffective and which contradict his statements during the Rule 11 colloquy. Francis stated during the colloquy that he was "fully satisfied with the counsel, representation and advice that [had been] provided to [him] in this case by [his] attorney Jack Goldberg." ECF No. 107-1 at 5. He answered in the negative when the Court asked whether he had been threatened or had been forced to plead guilty. ECF No. 107-1 at 13. He claims that counsel did not adequately explain

to him the terms of the plea agreement, however, during the colloquy, Francis indicated that he understood the terms. *Id*. at 7. He also claims that his counsel was deficient because he did not discuss a conditional plea with Francis. This cannot be grounds for ineffectiveness, because there is no evidence indicating that such a plea was ever offered by the government. *See Mackins v. United States*, 3:04-CV-261-1-T, 3:97-CR-22-T, 2009 WL 1563920, at *5 (W.D.N.C. June 1, 2009). Lastly, and contrary to Francis' assertion, counsel did make mitigating arguments during the sentencing hearing. Counsel presented social history, personal characteristics, and argued in favor of the minor participant reduction in Francis' sentence. ECF No. 107-3.

Even if counsel's performance had been deficient, Francis was not prejudiced by that performance because there is no reasonable probability that Francis would have changed his plea but-for counsel's performance. The central argument in Francis' motion is that he was under the impression than an earlier plea agreement was controlling. ECF No. 104 at 4. However, the Court fully explained all of the terms of the January Plea Agreement to Francis, who indicated he understood them, so even if his counsel was deficient in explaining the plea agreement, Francis would have suffered no prejudice. Where "the trial court properly inform[s] [the defendant] of the potential sentence he face[s], he [can]not be prejudiced by any misinformation his counsel allegedly provided him." *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("any misinformation [defendant] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [defendant] was not prejudiced."). Francis has provided no evidence of the existence of any other mitigating factors which his counsel should have presented, so the failure to present such factors cannot have prejudiced Francis.

Because Francis' counsel performed adequately and he did not suffer prejudice as a result of counsel's performance, Francis' ineffectiveness of counsel claim should be denied.

**CERTIFICATE OF APPEALABILITY**

Francis may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *See* 28 U.S.C. § 2253(c) (2012); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). A certificate of appealability will not issue unless the Defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012); *Miller-El*, 537 U.S. at 337. Under this standard, Defendant must show that "jurists of reason could have resolved this claim differently." *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (citing *Miller-El*, 537 U.S. at 336).

This Court has assessed the claims in Defendant's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Defendant's claims, and thus no certificate of appealability shall issue.

**CONCLUSION**

The Court finds Francis' plea agreement is valid and that Francis' counsel was not ineffective. Francis' motion will be denied and no certificate of appealability shall issue. Accordingly, it is, this 14th day of October, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Set Aside, Correct, or Vacate Sentence Under 28 U.S.C. § 2255 (ECF No. 104) is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-14-1105.

                              /s/
                     ROGER W. TITUS
          UNITED STATES DISTRICT JUDGE